Case 5:26-cv-03014-JWL   Document 3   Filed 02/02/26   Page 1 of 4

FILED
U.S. District Court
District of Kansas
02/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM LOGGINS, JR.,**

                **Petitioner,**

    v.                                                                              CASE NO. 26-3014-JWL

**DONALD LANGFORD,**

                **Respondent.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

    This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner William Loggins, Jr. in January 2026. (Doc. 1.) Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

    In 1981, Petitioner pled guilty in Kansas state court to aggravated burglary. *State v. Loggins*, 2024 WL 2873115, *1 (Kan. Ct. App. June 7, 2024), *rev. denied* Mar. 28, 2025. At the time, aggravated burglary was a class C felony. *Id.* Initially, the state district court sentenced

1

Petitioner to 1 to 20 years' imprisonment, but it later granted Petitioner's motion to modify his sentence and granted him 2 years of probation. *Id.* Petitioner completed his term of probation in July 1983. *Id.* On July 1, 1993, the Kansas Sentencing Guidelines Act ("KSGA") went into effect. *Id.* This meant that when Petitioner was convicted of additional state crimes in 1999 and 2000, Petitioner's 1981 aggravated burglary conviction was classified as a person felony for criminal history purposes. *Id.* Thus, when Petitioner was sentenced for the 1999 and 2000 convictions, the state district court imposed a controlling term of 713 months in prison, "which was a longer term than it would have been if the 1981 aggravated-burglary conviction had been classified differently." *Id.*

In the federal habeas petition currently before this Court, Petitioner seeks "[t]o overturn the conviction resulting from the plea agreement, based on the breach of that plea agreement." (Doc. 1, p. 16.) Highly summarized, he argues that he was not informed "of all the possible legal consequences of pleading guilty" to the 1981 aggravated burglary because he did not know that the KSGA would be enacted, leading to the consequences of having a person felony in his criminal history—a longer sentence for later convictions. *Id.* at 7. Petitioner contends that the State's failure to "fully advise" him that this could happen meant that the plea agreement was made in violation of his constitutional due process rights. *Id.* He also argues that the application of the KSGA to classify his 1981 conviction violated the Ex Post Facto Clause of the United States Constitution and arose from improper fact-finding at his later sentencing. *Id.* at 8, 10-11. Thus, Petitioner asks this Court to overturn the 1981 conviction. *Id.* at 16.

To obtain habeas corpus relief under 28 U.S.C. § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). "[T]he traditional function of the writ is to secure release from illegal custody."

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "The custody requirement is jurisdictional," *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009), and "is determined as of the time the habeas petition is filed," *Dickey v. Allbaugh*, 664 Fed. Appx. 690, 692 (10th Cir. 2016).

Although a "petitioner need not . . . demonstrate actual, physical custody to obtain relief," the "state-court criminal conviction" must "subject[] the petitioner to 'severe restraints on [his or her] individual liberty. A restraint is severe when it is 'not shared by the public generally." *Id.* at 692-93 (citations omitted). For example, "habeas corpus [relief] is available for prisoners released on . . . parole, among other situations." *Dickey*, 664 Fed. Appx. at 693 (citations omitted). Thus, if Petitioner is—or was as of the date he filed his federal habeas petition—serving a term of postrelease supervision, he is "in custody" for jurisdictional purposes.

But if Petitioner has fully completed his sentence, including any postrelease supervision, this Court likely lacks jurisdiction. From the information now before this Court, it appears that Petitioner has fully completed the sentence imposed in 1981 for aggravated burglary. The Kansas Court of Appeals expressly found that Petitioner's "probation term expired in July 1983" and that he "had completed his sentence in the 1981 case" by the time the KSGA went into effect in 1993. *Loggins*, 2024 WL 2873115, at *1.

The Court understands that the 1981 conviction continues to affect Petitioner in the sense that it factored into the criminal history score used to determine the sentence imposed in later cases. But the United States Supreme Court has held that "a habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired.'" *Alaska v. Wright*, 593 U.S. 152, 154 (2021) (quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989). *See also Fulbright v. Biltort*, 336 F. Supp. 3d 1347, 1351-52 (D. Kan. Aug. 27, 2018) ("[M]erely being subject to the

3

[Kansas Offender Registration Act] registration requirement is a collateral consequence of [the petitioner's] conviction and does not cause him to be 'in custody' for habeas purposes"). And Petitioner in this federal habeas matter seeks to invalidate the plea agreement he entered into as part of the 1981 proceedings.

Simply put, because Petitioner has fully completed the sentence for the 1981 conviction, this Court lacks jurisdiction to hear a federal habeas case challenging the plea agreement that led to the 1981 conviction. Petitioner will be granted time, however, in which to show cause why this case should not be dismissed for lack of jurisdiction since he is not "in custody" for the conviction he seeks to challenge in this federal habeas case. If Petitioner fails to timely reply to this order, this matter will be dismissed with prejudice for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **March 4, 2026**, to show cause, in writing, why this matter should not be dismissed for the reasons stated in this order.

**IT IS SO ORDERED.**

DATED:   This 2nd day of February, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
