**FILED**
**U.S. District Court**
**District of Kansas**
03/31/2026
**Clerk, U.S. District Court**
**By:__JAL_Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WILLIAM LOGGINS, JR.,**

**Petitioner,**

v.                                                       **CASE NO. 26-3014-JWL**

**DONALD LANGFORD,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner William Loggins, Jr. in January 2026. (Doc. 1.) It comes now before the Court on Petitioner's response to the memorandum and order to show cause ("MOSC") this Court issued on February 2, 2026. (Doc. 3.) For the reasons explained below, this matter will be dismissed for lack of jurisdiction.

In 1981, Petitioner pled guilty in Kansas state court to aggravated burglary. *State v. Loggins*, 2024 WL 2873115, *1 (Kan. Ct. App. June 7, 2024), *rev. denied* Mar. 28, 2025. At the time, aggravated burglary was a class C felony. *Id.* Initially, the state district court sentenced Petitioner to 1 to 20 years' imprisonment, but it later granted Petitioner's motion to modify his sentence and granted him 2 years of probation. *Id.* Petitioner completed his term of probation in July 1983. *Id.* On July 1, 1993, the Kansas Sentencing Guidelines Act ("KSGA") went into effect. *Id.* When Petitioner was convicted of additional state crimes in 1999 and 2000, his 1981 conviction was classified under the KSGA as a person felony for criminal history purposes. *Id.* Thus, when Petitioner was sentenced for the 1999 and 2000 convictions, the state district court imposed a controlling term of 713 months in prison, "which was a longer term than it would have been if the

1

1981 aggravated-burglary conviction had been classified differently." *Id.*

In the federal habeas petition filed in this Court, Petitioner seeks "[t]o overturn the conviction resulting from the plea agreement, based on the breach of that plea agreement" because he was unaware at the time of the plea agreement that the KSGA would be enacted and his aggravated burglary conviction would be considered a person felony, resulting in a longer sentence for later convictions. (Doc. 1, p. 7-8, 10-11, 16.) Petitioner contends that the State's failure to "fully advise" him that KSGA could be enacted meant that the plea agreement was made in violation of his constitutional rights and that the application of the KSGA to classify his 1981 conviction violated the Ex Post Facto Clause of the United States Constitution. *Id.* at 7-8, 10-11.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The Court conducted the Rule 4 review and concluded that it appears Petitioner is not in custody under the 1981 conviction, which is the conviction he challenges in this federal habeas matter.

Thus, on February 2, 2026, the Court issued the MOSC, which explained:

> To obtain habeas corpus relief under 28 U.S.C. § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "The custody requirement is jurisdictional," *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009), and "is determined as of the time the habeas petition is filed," *Dickey v. Allbaugh*, 664 Fed. Appx. 690, 692 (10th Cir. 2016).
>
> Although a "petitioner need not . . . demonstrate actual, physical custody to obtain relief," the "state-court criminal conviction" must "subject[] the petitioner to 'severe restraints on [his or her] individual liberty. A restraint is severe when it

is 'not shared by the public generally." *Id.* at 692-93 (citations omitted). For example, "habeas corpus [relief] is available for prisoners released on . . . parole, among other situations." *Dickey*, 664 Fed. Appx. at 693 (citations omitted). Thus, if Petitioner is—or was as of the date he filed his federal habeas petition—serving a term of postrelease supervision, he is "in custody" for jurisdictional purposes.

But if Petitioner has fully completed his sentence, including any postrelease supervision, this Court likely lacks jurisdiction. From the information now before this Court, it appears that Petitioner has fully completed the sentence imposed in 1981 for aggravated burglary. The Kansas Court of Appeals expressly found that Petitioner's "probation term expired in July 1983" and that he "had completed his sentence in the 1981 case" by the time the KSGA went into effect in 1993. *Loggins*, 2024 WL 2873115, at *1.

The Court understands that the 1981 conviction continues to affect Petitioner in the sense that it factored into the criminal history score used to determine the sentence imposed in later cases. But the United States Supreme Court has held that "a habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired.'" *Alaska v. Wright*, 593 U.S. 152, 154 (2021) (quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989). *See also Fulbright v. Biltort*, 336 F. Supp. 3d 1347, 1351-52 (D. Kan. Aug. 27, 2018) ("[M]erely being subject to the [Kansas Offender Registration Act] registration requirement is a collateral consequence of [the petitioner's] conviction and does not cause him to be 'in custody' for habeas purposes"). And Petitioner in this federal habeas matter seeks to invalidate the plea agreement he entered into as part of the 1981 proceedings.

Simply put, because Petitioner has fully completed the sentence for the 1981 conviction, this Court lacks jurisdiction to hear a federal habeas case challenging the plea agreement that led to the 1981 conviction.

(Doc. 3, p. 3-4.) The Court granted Petitioner time in which to respond to the MOSC and show cause why the case should not be dismissed for lack of jurisdiction. *Id.* at 4.

Petitioner timely filed his response to the MOSC on March 27, 2026. (Doc. 6.) The response largely focuses on arguing the merits of Petitioner's arguments, his assertion that he has fairly presented his claims to the state courts, and his argument that the process by which he can raise his claims in the state courts is ineffective. But the sole issue currently before this Court is whether Petitioner was "in custody" under the 1981 conviction—as that term is used in 28 U.S.C. § 2254—at the time he filed his federal habeas petition. As Petitioner concedes in his response, he

3

was not, nor is he currently in custody under the 1981 conviction. (Doc. 6, p. 7 ("It is true, [Petitioner] does not sit 'in custody' under 80CR2312 (the 1981 conviction) as per the [Supreme Court] decision cited in the Order to Show Cause . . . .").)

Petitioner attempts to overcome this hurdle by citing cases such as the Fifth Circuit's 1971 ruling in *Jackson v. Louisiana*, 452 F.2d 451, 452 (5th Cir. 1971) ("An allegation that the conviction was used in a subsequent criminal proceeding for enhancement of a sentence which the petitioner is serving at the time of filing the habeas action constitutes a sufficient collateral effect to maintain the action."), and its 1972 ruling in *Craig v. Beto*, 458 F.2d 1131 (5th Cir. 1972) ("Although federal habeas corpus is not available to challenge the validity of a state conviction after the sentence has been completely served, the action can be maintained upon an allegation that the conviction was used in a subsequent criminal proceeding for enhancement of a sentence which the petitioner is serving at the time of filing the habeas action."). (Doc. 6, p. 8-9.)

This Court must follow the applicable precedent of the Supreme Court and the Tenth Circuit. *See Gulick v. State Farm Mut. Aut. Ins. Co.*, 780 F. Supp. 3d 1169, 1205 n.6 (D. Kan. April 30, 2025) ("[F]ederal trial courts in Kansas are bound to apply the holdings of the Supreme Court and the Tenth Circuit. [Citations omitted.]"). As pointed out in the MOSC, the United States Supreme Court held in 2021 that "a habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired." (*See* Doc. 3, p. 3 (quoting *Wright*, 593 U.S. at 154).) In the same case, the Supreme Court further held that the fact that one conviction—for which the sentence was completed—enhanced the sentence for a later conviction did not render the petitioner "in custody" under the first conviction. *Wright*, 593 U.S. at 154. "'When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."'" *Id.* (citations omitted).

4

Under the holding in *Wright*, the Court finds that Petitioner was not "in custody" under the 1981 conviction at the time he filed the petition that began this case, so the Court lacks jurisdiction to consider Petitioner's constitutional challenges to the plea agreement that led to the 1981 conviction. The Court therefore must dismiss this matter for lack of jurisdiction. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for lack of jurisdiction. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 31st day of March, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge